11-310-cv
Controlotron v. Siemens Indus., Inc.

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 9th day of February, two thousand twelve.

Present:     JOHN M. WALKER, JR.,
             PIERRE N. LEVAL,
             ROSEMARY S. POOLER,
                     *Circuit Judges*.

_____

CONTROLOTRON CORPORATION,

                 *Petitioner-Appellant*,

              v.                                11-0310-cv

SIEMENS INDUSTRY, INC.,

                 *Respondent-Appellee*.

_____

For Appellant:          Jeffrey G. Stark, Meyer, Suozzi, English & Klein, P.C., Garden City, N.Y.

For Appellee:           Bryon L. Friedman, Littleton, Joyce, Ughetta, Park & Kelly, LLP, Purchase, N.Y.

Appeal from an order of the United States District Court for the Southern District of New York (Daniels, *J.*).

ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the order of said District Court be and it hereby is AFFIRMED.

Controlotron Corp. appeals from an order of the district court denying Controlotron's motion to vacate an arbitration award and granting a cross-motion by Siemens Industry, Inc., to confirm that award. We assume the parties' familiarity with the facts of the case, the procedural posture, and the issues on appeal.

"As a general matter, [w]e review a district court's decision to confirm an arbitration award *de novo* to the extent it turns on legal questions, and we review any findings of fact for clear error." *Telenor Mobile Commc'ns AS v. Storm LLC*, 584 F.3d 396, 408 (2d Cir. 2009) (alteration in original) (internal quotation marks omitted). An arbitrator's award will be upheld "if an arbitrator is even arguably construing or applying the contract and acting within the scope of his authority." *Major League Baseball Players Ass'n v. Garvey*, 532 U.S. 504, 509 (2001) (internal quotation marks omitted).

Controlotron's argument that the arbitrator exceeded her authority by allowing Siemens to add a new claim is without merit. The Scheduling Order at issue in this case contains a provision that explicitly empowered the arbitrator to modify the terms of the Order at any time. *See* J.A. 110 (making clear that the "order shall continue in effect *unless and until amended by subsequent order of the Arbitrator*" (emphasis added)). Therefore, even if the parties had agreed not to bring new claims or amend existing ones, *see* J.A. 109, the plain language of the Scheduling Order makes clear that they also agreed that the arbitrator would retain authority to grant exceptions to that general prohibition. And the arbitrator's decision to permit Siemens to add a new claim was itself an exercise of her authority to amend the Scheduling Order.

Controlotron also argues that the arbitrator's written decision was insufficient under the terms of the parties' arbitration agreement. We disagree. The parties' agreement merely specified that the arbitrator's "decision shall be written and shall be supported by written findings of fact and conclusions [of law] which shall set forth the award, judgment, decree or order." J.A. 69. The arbitrator's decision complied with that specification.

We have considered Controlotron's remaining arguments and find them unpersuasive.

Accordingly, the order of the district court is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk